FILED
AUG 31 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Warren Daniel Clinton,  )
                 Petitioner,  )
                 v.  )   Civil Action No. 11 1578
United States of America,  )
                 Respondent.  )

MEMORANDUM OPINION

This matter is before the Court on its initial review of petitioner's *pro se* petition and application for leave to proceed *in forma pauperis* ("IFP"). Petitioner is a federal prisoner at the so-called Supermax facility in Florence, Colorado. He has submitted a document captioned "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241." Beyond the caption, the petition bears no resemblance to a habeas petition and, thus, is construed as a civil complaint subject to the screening provisions of the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires the Court to screen and dismiss a prisoner's complaint upon a determination that it, among other grounds, is frivolous. 28 U.S.C. § 1915A(a)-(b)(1). For the following reasons, the Court will grant petitioner's IFP application and will dismiss the case.

Petitioner titles his first ground for relief "Extrajudicial Killing," and alleges, *inter alia*, that the United States "willingly engaged in acts of extrajudicial killing against the sovereign, Warren Daniel Clinton, causing [his] . . . exposure to torture . . . ." Pet. at 2. Petitioner next purports to renounce his United States citizenship while also "disavow[ing] [his] allegiance to all foreign powers . . . ," *id.* at 3, and then presents a "Certificate of Death," in which he "hereby pronounce and declare the artificial person, straw-man, corporation . . . 'Warren Daniel Clinton'

(N)                                                                                                  3

dead . . . nunc pro tunc to the date of its' [sic] birth . . . ." *Id.* at 4. The petition goes on in similar bizarre fashion for another eight pages.

Petitioner has stated no basis for any type of relief. The Court previously denied his application for a writ of mandamus to compel the Secretary of State to issue him a "Certificate of Loss of Nationality." *See Clinton v. Clinton*, Civ. Action No. 10-1009 (D.D.C. Nov. 29, 2010) (dismissing for failure to state a claim). The instant petition fares no better and, in fact, presents the type of fantastic or delusional scenarios warranting dismissal as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Accordingly, the case will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: August 16, 2011